Filed 10/11/23  P. v. Aguinaga CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE, | B320014 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA486462) |
| v. |  |
| GERARDO LALO AGUINAGA, JR., |  |
| Defendant and Appellant. |  |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Curtis B. Rappe.  Affirmed with directions.

Miriam K. Billington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Ryan M. Smith, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Gerardo Lalo Aguinaga, Jr. was convicted of assault with a firearm and related charges and sentenced to 27 years, plus 360 days. He requests remand for a new sentencing hearing, asserting the trial court failed to exercise informed discretion and committed various sentencing errors in light of recent changes to Penal Code sections 654, 1170, and 1385.

We affirm.

## FACTUAL AND PROCEDURAL SUMMARY

Defendant was charged with four felonies and two misdemeanors: attempted murder (Pen. Code, §§ 187, subd. (a), 664; count 1); shooting at an occupied vehicle (Pen. Code, § 246; count 2); possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1); count 3); misdemeanor hit and run driving resulting in property damage (Veh. Code, § 20002, subd. (a); counts 4 & 5); and assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b); count 6). Personal firearm use allegations were alleged as to count 1 (Pen. Code, § 12022.53, subd. (c)) and count 6 (Pen. Code, § 12022.5, subd. (a)). It was further alleged that defendant had suffered two prior serious felony convictions.

The charges arose from an incident on the afternoon of April 4, 2020, during which defendant, an admitted member of the Diamond Street gang, fired multiple rounds from a semiautomatic handgun at an occupied vehicle. Videotape from nearby security cameras captured the shooting. Defendant was in the street with at least one other fellow gang member who was seen speaking on a cell phone. When a car drove past, the individual on the phone handed defendant a handgun and defendant fired at the vehicle and then jumped into a car and

2

sped off.  A short distance away, defendant was involved in a multi-vehicle accident.  He was picked up from the scene of the accident by someone in a truck.  Law enforcement pursued the truck and eventually took defendant into custody.  Because defendant's contentions are limited to sentencing issues, we have tailored our summary of the facts and procedure accordingly.

Defendant's jury trial took place in September 2021. Videotape of the shooting was played for the jury.  Defendant stipulated he was a convicted felon, and admitted he suffered a prior strike conviction in June 2008 for making criminal threats (Pen. Code, § 422).  The prosecutor dismissed the prior assault conviction from 2002.

The jury acquitted defendant of attempted murder (count 1) and found him guilty on the remaining counts.  As to count 6, the jury found true the allegation defendant personally used a firearm in the commission of the offense.

The sentencing hearing was held March 25, 2022.  The court and counsel discussed the changes to Penal Code section 1170 and section 1385 brought about by the passage of Senate Bill 567 (2021–2022 Reg. Sess.) and Senate Bill 81 (2021–2022 Reg. Sess.), respectively.  These two pieces of legislation were also discussed in defendant's sentencing brief.  Assembly Bill 518 (2021–2022 Reg. Sess.) and the amendments to section 654 were neither briefed, nor discussed at the hearing.

The People argued an upper term sentence was appropriate.  Defense counsel argued there were numerous mitigating factors warranting imposition of the low term, asserting defendant did not have a serious criminal history, most of his convictions took place when he was a much younger man, and his most recent prison commitment was more than five years

before the present offenses.  Defense counsel also argued defendant was a good father to six children, one of whom was autistic.  Defense counsel said defendant was involved in his community in a positive way, including participation in regular walk-a-thons for disadvantaged children.  Defense counsel asked the court to impose the low terms on all counts and to strike the 2008 prior strike conviction.

The court said it believed imposing the low term "would be contrary to the interests of justice."  "[Defendant] continually goes out and uses violence in the community.  I mean, luckily here no one was killed.  [¶]  But certainly his conduct is absolutely 180 degrees from what you want me to believe is the basis for the low term sentence."

After entertaining additional argument, the court explained why it was rejecting defendant's request for a low term sentence.  "Having reviewed all the aggravating and mitigating factors, the court finds that the court is not going to impose the low term, because it would be contrary to the interests of justice, and the factors in aggravation outweigh the factors in mitigation that I have already mentioned, but I will repeat them.  [¶]  This crime involved great violence, bodily harm, threat of bodily harm.  It was carried out with planning, sophistication and professionalism.  [¶]  The defendant has engaged in violent conduct that's a serious danger to society, and his convictions as an adult and sustained petitions in juvenile proceedings are numerous, and he has had very bad performance on probation and parole."

The court then said, "Based on the prior conviction, the court is going to impose the high term [on] count 6, and under the strike law it's doubled to 18 years."  The aggregate sentence

4

imposed by the court was 27 years, plus 360 days, calculated as follows: the upper term of nine years on count 6 (assault with a firearm), doubled due to the strike, plus a consecutive midterm of four years for the firearm enhancement, and a consecutive five-year prior felony enhancement; and consecutive 180-day terms on each of counts 4 and 5. The court imposed and stayed upper terms on counts 2 and 3. Defendant was awarded total presentence custody credits of 829 days (721 actual, 108 conduct). The court found defendant to be indigent and waived fines, except for the minimum restitution fine.

This appeal followed.

## DISCUSSION

Defendant's request for a new sentencing hearing is based on three pieces of legislation passed in 2021 that resulted in amendments to three different statutes: (1) Senate Bill 567 which modified Penal Code section 1170; (2) Senate Bill 81 which modified section 1385; and (3) Assembly Bill 518 which modified section 654. All three pieces of legislation went into effect on January 1, 2022, shortly before defendant's sentencing hearing on March 25, 2022. There is no question, as the People concede, that the changes effected by this new legislation applied to defendant's sentencing.

### 1. Penal Code Section 1170, as Amended by Senate Bill 567

Penal Code section 1170, subdivision (b) specifies a presumptive midterm sentence and now expressly prohibits the court from relying on aggravating factors to impose an upper term, *unless* those factors have been found true by the trier of fact or stipulated to by the defendant. (*Id.,* subd. (b)(1), (2); Stats. 2021, ch. 731, § 1.3.) An exception is set forth in

5

subdivision (b)(3) which allows the court to consider certified records of prior conviction(s) without submission to the jury. (Stats. 2021, ch. 731, § 1.3.)

Defendant concedes the amended statutory language grants the trial court the authority to consider a prior conviction without that fact being submitted and found true by the jury. (Pen. Code, § 1170, subd. (b)(3) ["court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury"].)  Defendant argues the court nevertheless violated section 1170, subdivision (b)(2) by relying on several additional aggravating factors not submitted to or found true by the jury.  We do not agree.

The transcript from the sentencing hearing demonstrates the court understood the narrowed scope of its discretion under amended Penal Code section 1170, subdivision (b).  The court discussed with counsel, at some length, the amendments to the statutory language and acknowledged that under the amended statute all aggravating factors, with the exception of prior convictions, must be submitted to the jury.

The court entertained defense counsel's argument that a low term sentence was appropriate based on various mitigating factors and allowed one of defendant's daughters to briefly testify in favor of her father's character.

In accordance with Penal Code section 1170, subdivision (c), which requires the court to state the reasons for its sentencing choices on the record, the court then explained why it was rejecting defendant's low term argument:  "Having reviewed all the aggravating and mitigating factors, the court finds that the court is not going to impose the low term, because

6

it would be contrary to the interests of justice, and the factors in aggravation outweigh the factors in mitigation that I have already mentioned, but I will just repeat them." The court briefly summarized the factors previously discussed with counsel in more detail. It was specifically in this context of *explaining why the court did not impose the low term* that the court recited various aggravating factors.

The court then turned to its decision to impose an upper term on the base count of assault with a firearm. The court said, "*Based on the prior conviction*, the court is going to impose the high term [on] count 6, and under the strike law it's doubled to 18 years." (Italics added.) Nothing in the record indicates the court believed it could rely, or did rely, on aggravating factors other than the admitted prior strike conviction to impose the upper term. Defendant has not affirmatively shown the court committed error in applying newly amended Penal Code section 1170, subdivision (b).

Our review of the record revealed the minute order for the sentencing hearing contains a clerical error and does not properly reflect the court's oral pronouncement of judgment. On remand, the superior court shall order correction of the minute order nunc pro tunc to accurately reflect that the upper term sentence was imposed "based on the prior conviction" and not the other factors erroneously cited in the minute order. (*People v. Cervantes* (2020) 46 Cal.App.5th 213, 227, citing *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["it is the court's oral pronouncement of judgment as reflected in the reporter's transcript that controls, not the minute order, and appellate courts may correct clerical sentencing errors on appeal"].)

## 2. Penal Code Section 1385, as Amended by Senate Bill 81

Defendant's sentence includes two enhancements:  a four-year midterm for the personal use of a firearm and a five-year prior felony enhancement based on defendant's admitted 2008 strike conviction.  Those two enhancements resulted in defendant's sentence being longer than 20 years.  Defendant contends the amended language of Penal Code section 1385 mandated dismissal of both enhancements.  Alternatively, defendant says that even if dismissal was not mandatory, the court abused its discretion in applying the amended statute.  We reject both contentions.

### a. Dismissal was not mandatory.

Under Penal Code former section 1385, trial courts had the discretion to strike or dismiss an enhancement (or the punishment for an enhancement) in the furtherance of justice.  Trial courts retain that discretion under the amended statute.  Section 1385, subdivision (c)(1) provides:  "Notwithstanding any other law, the court shall dismiss an enhancement *if it is in the furtherance of justice to do so*, except if dismissal of that enhancement is prohibited by any initiative statute."  (Italics added.)

As relevant here, Senate Bill 81 amended the statutory language to include certain mitigating factors that, if present, must be considered by the court.  The new language provides guidance to trial courts on the exercise of discretion.  Penal Code section 1385 now provides that "[i]n exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are

8

present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (*Id.,* subd. (c)(2).) Assembly Bill 200 (2021–2022 Reg. Sess.) subsequently renumbered some subdivisions and made other changes not relevant here. (Stats. 2022, ch. 58, § 15.)

Defendant contends Senate Bill 81 mandated dismissal of the enhancements based on three of the enumerated mitigating circumstances: Penal Code section 1385, subdivision (c)(2)(B) ("Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed"); section 1385, subdivision (c)(2)C) ("The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed"); and section 1385, subdivision (c)(2)(H) ("The enhancement is based on a prior conviction that is over five years old").

Defendant concedes that reviewing courts have thus far rejected a construction of the amended language that strips the discretion long vested in trial courts and mandates dismissal of an enhancement whenever a mitigating circumstance is proved. (See, e.g., *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 18–21, review den. Mar. 22, 2023, S278429 [rejecting argument that the phrase "[i]n this instance, the enhancement shall be dismissed" requires mandatory dismissal]; *People v. Walker* (2022) 86 Cal.App.5th 386, 397–398, review granted Mar. 22, 2023, S278309 ["Nothing in Senate Bill 81 indicates an intent to deprive trial courts of their discretion altogether—either

9

generally or more specifically in the subset of cases where multiple enhancements are alleged."]; *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1096, review granted Apr. 12, 2023, S278894 ["plain language of section 1385(c)(2) contemplates the trial court's exercise of sentencing discretion, even as it mandates that the court give 'great weight' to evidence of enumerated factors"]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 240, review granted Apr. 19, 2023, S278786 ["dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety"]; *People v. Mendoza* (2023) 88 Cal.App.5th 287, 295, review den. Apr. 26, 2023, S279144 [phrase "shall be dismissed" must be harmonized with statute as a whole, not construed in isolation].)

Pending further guidance from the Supreme Court, we agree with these authorities and conclude the amended language of Penal Code section 1385, subdivision (c)(2) does not mandate dismissal of defendant's enhancements. The trial court's obligation to give great weight to certain enumerated factors did not supplant the court's obligation to exercise its discretion to determine whether dismissal of the enhancements was in the furtherance of justice or whether it would endanger public safety.

**b.    Abuse of discretion**

Defendant argues that if dismissal of the enhancements was not mandatory, the court abused its discretion in declining to dismiss either or both enhancements. He says the court misapplied the phrase "endanger public safety." Defendant contends the court's consideration of the danger he posed to others must take into account the length of sentence imposed with and without the enhancement, the age he would be at the

10

time of release, and the risk of danger he would present at that time, not the risk he posed at the time of sentencing.

"In reviewing for abuse of discretion, we are guided by two fundamental precepts.  First, ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377.)

Defendant has not shown the court's decision to impose the two enhancements was irrational or arbitrary.  The only legal authority defendant cites in support of his argument is *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*) in which the Supreme Court held that a trial court, in a Three Strikes case, has the discretion to strike a prior conviction as to some but not all counts.  That case is not instructive.  In *Garcia,* the defendant was convicted of two counts of burglary.  The trial court imposed a Three Strikes sentence on one burglary count but struck the strike allegations on the second burglary count, thereby resulting in a sentence of 30 years on one count and a consecutive sentence of 16 months (one-third the midterm) on the second count. (*Garcia,* at p. 495.)  *Garcia* rejected the People's contention that the court could only strike prior strike convictions if the current offenses differ from one another, or if they differ in their relationship to the prior convictions.  (*Id.* at p. 503.)

In so concluding, the court in *Garcia* explained "[e]ven if the current offenses are virtually identical, a defendant's 'prospects' [citation] will differ greatly from one count to another

11

because a Three Strikes sentence on one count will itself radically alter those prospects.  Here, for example, once the trial court had sentenced [the] defendant to a term of 30 years to life for [one of the burglaries], his 'prospects' for committing future burglaries diminished significantly." (*Garcia*, *supra*, 20 Cal.4th at p. 500.)

This dicta in *Garcia* by no stretch of logic supports the contention that the trial court here was required to speculate on whether defendant will have been rehabilitated, or not, while in prison, thereby reducing the risk he will commit more violent crimes upon his release.  At the start of the hearing, the court discussed its concerns about defendant's history of violent crimes, and that defendant "is a ticking time bomb in a sense."  From this record, we are not persuaded there was any abuse of discretion in the imposition of the two enhancements.

3. **Penal Code Section 654, as Amended by Assembly Bill 518**

Penal Code former section 654, subdivision (a) provided that where an act or course of conduct was punishable in different ways by different provisions of the law, a sentencing court was required to impose sentence under the provision that provided for the longest potential term of imprisonment.  With the passage of Assembly Bill 518, the requirement to impose the longest possible term was removed.  (Stats. 2021, ch. 441, § 1.) Subdivision (a) now reads, in relevant part, that "[a]n act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision."  (Italics added.)

At the sentencing hearing, the court chose count 6 as the base term, which provided for the longest possible term, and

12

imposed the upper term of nine years. (Pen. Code, § 245, subd. (b) [assault with a semiautomatic firearm carries triad of three, six or nine years].) Because of the amendments to section 654, the court had discretion to choose count 2 as the base term and could have imposed a shorter upper term of seven years. (§ 246 [sentencing triad for shooting at occupied vehicle is three, five or seven years].)

Defendant did not brief the amendments to Penal Code section 654, nor raise them at the sentencing hearing. The People urge us to find forfeiture and also argue that even if we reach the merits, defendant is not entitled to resentencing because he was sentenced under the One Strike law (§ 667.61). The People rely on *People v. Caparaz* (2022) 80 Cal.App.5th 669 without any discussion.

The People's argument regarding the One Strike law is without merit. Defendant was *not* sentenced under the One Strike law. (Pen. Code, § 667.61.) The One Strike law sets forth an alternative and stricter sentencing scheme for individuals convicted of certain enumerated sex crimes. (*People v. Mancebo* (2002) 27 Cal.4th 735, 741.) "The One Strike law applies if the defendant has previously been convicted of one of seven enumerated offenses or if the current offense was committed under one or more specified circumstances." (*People v. Anderson* (2009) 47 Cal.4th 92, 107–108.) None of defendant's present offenses is a sex offense, nor are any of his prior convictions. The One Strike law is wholly irrelevant to defendant's sentencing.

Defendant concedes his trial counsel did not expressly raise the amendments to Penal Code section 654 below but says if we find forfeiture, we should find ineffective assistance of counsel and resolve the merits of his section 654 argument on appeal.

13

Defendant has not established ineffective assistance of counsel.  In order to do so, defendant was required to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington* (1984) 466 U.S. 668, 694.)  Defendant says that had the court been informed of its new discretion under Penal Code section 654, it is reasonably probable it would have chosen to impose sentence on count 2, with the more lenient triad.  He says since the court chose a midterm for the firearm enhancement, it is reasonable to assume the court may have chosen to impose the lesser seven-year upper term on count 2, instead of the nine-year upper term on count 6.

We are not persuaded.  First of all, the fact counsel and the court did not expressly discuss the amendments to Penal Code section 654 on the record does not mean the court was unaware of the scope of its discretion.  Moreover, the record makes clear the court imposed a midterm on the firearm enhancement because it believed it could not impose the upper term on the enhancement based on the prior conviction since its decision to impose the upper term on the base charge rested on the same prior conviction.  The court otherwise imposed upper terms and ran all terms consecutively and did not evidence any inclination to impose a more lenient sentence.

## DISPOSITION

The judgment of conviction is affirmed.

On remand, the superior court shall order correction of the March 25, 2022 minute order nunc pro tunc to accurately reflect the court's oral pronouncement of judgment that it imposed an upper term sentence on the count of assault with a firearm

14

"[b]ased on the prior conviction" and not on any of the other factors erroneously cited in the minute order.


GRIMES, J.

WE CONCUR:


STRATTON, P. J.


VIRAMONTES, J.

15